UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re                                              Chapter 13
Adam L. Fischer and                                Case No. 12-24850-svk
Sharon M. Fischer,
          Debtors.

---

Adam L. Fischer, et al.,
          Plaintiffs,
v.                                                 Adversary No. 12-2338

Bank of America, N.A., et al.,
          Defendants.

---

**MEMORANDUM DECISION ON FIRST STATE BANK'S MOTION FOR SUMMARY JUDGMENT AND DEBTORS' MOTION FOR JUDGMENT ON THE PLEADINGS**

---

After filing a Chapter 13 bankruptcy petition, the Debtors instituted this adversary proceeding to determine the priority of certain liens against their residence. The problem is that in a pre-bankruptcy foreclosure action, a state court already decided which lien had first position. Therefore, the issue is whether the *Rooker-Feldman* doctrine and the doctrine of claim preclusion bar the Debtors' causes of action in this Court. The *Rooker-Feldman* doctrine prohibits "state-court losers complaining of injuries caused by state-court judgments" from inviting federal court review and rejection of such judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In a similar vein, the underpinnings of claim preclusion are "to establish and fix the rights of individuals, to relieve parties of the cost and vexation of multiple lawsuits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication." *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 20, 279 Wis. 2d 520, 694 N.W.2d 879. The Debtors here are seeking to do exactly what these doctrines prohibit – collaterally attacking

a state court foreclosure judgment. This Court lacks subject matter jurisdiction to consider the Debtors' claims, and even if it had jurisdiction, the doctrine of claim preclusion bars consideration of the claims.

Factual Background

On May 16, 2012, the Debtors filed their Complaint against Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), First State Bank ("First State"), and North Shore Bank, F.S.B. ("North Shore"). The Complaint concerns property located at N5386 Plier Road, Cecil, Wisconsin 54111 (the "Property"). The Debtors have granted numerous mortgages against the Property in various refinancing transactions.

According to the Complaint, Adam Fischer (the "Debtor") purchased the Property on March 30, 2001 and granted mortgages to MERS as nominee for Bank of America and to Bank One. On August 28, 2002, the Debtor deeded the Property to himself and to his wife, co-Debtor Sharon Fischer (collectively, the "Debtors"). At that time, the Debtors refinanced the mortgages and granted one mortgage to Washington Mutual Bank, F.A. ("WaMu") (the "2002 mortgage"). Bank One and MERS filed satisfactions of their mortgages with the Register of Deeds.

On July 2, 2003, the Debtors again refinanced their mortgage and granted a mortgage to WaMu in the amount of $100,050 (the "2003 mortgage"). WaMu filed a satisfaction of its 2002 mortgage with the Register of Deeds.

On April 29, 2005, in order to secure a business loan, the Debtors granted a mortgage to First State in the amount of $226,989.59. This mortgage was in second position behind the 2003 mortgage.

On May 25, 2005, instead of assigning the 2003 mortgage, the Debtors refinanced the 2003 mortgage and granted a new mortgage to Bank of America. As part of this transaction,

2

Bank of America paid off the balance due on the 2003 WaMu mortgage. WaMu filed a satisfaction of the 2003 mortgage with the Register of Deeds on July 5, 2005. On August 24, 2005, Bank of America assigned its mortgage to MERS. On August 14, 2007, the Debtors granted a mortgage to North Shore in the amount of $10,000.

On October 13, 2010, First State filed a foreclosure complaint in Shawano County Circuit Court (Case No. 10-cv-480) against the Debtors, MERS, North Shore, and Riverside Finance, Inc. First State's Shawano County Complaint avers in pertinent part:

> 4. The defendant, [MERS] . . . is joined by virtue of being the assignee of a mortgage by the [Debtors] to Bank of America in the amount of $116,000.00 dated May 25, 2005 and recorded June 3, 2005 as Document No. 607917, the assignment thereof being dated August 24, 2005 and recorded September 9, 2005 as Document No. 611872.
> . . .
> 13. [The Debtors] hold fee simple title to the subject property in Shawano County, Wisconsin and executed a Mortgage dated April 29, 2005 and recorded on May 18, 2005 at 11:11 a.m. as Document No. 607342, granting [First State] a security interest in [the Property.]
>
> 14. Said Mortgage secures the original stated principal note amount of $226,989.56 together with all other additional sums loaned by or owed to [First State].
> . . .
> 18. [First State] is entitled to senior and superior priority in and to [the Property.]
>
> 19. The defendants, [MERS, North Shore and Riverside Finance] have, claim to have, or may have an interest in the mortgaged Shawano County property, by virtue of said defendants' respective recorded mortgages from or docketed judgments filed as judgment liens or encumbrances against [the Debtors], but said interests are junior, subordinate, and subsequent in priority to the senior and superior interest of plaintiff, [First State], therein.

On November 12, 2010, after MERS failed to answer or otherwise respond, the Shawano County Circuit Court entered Default Judgment against it. The Default Judgment declared and determined that First State held the first priority lien on the Debtors' Property: "IT IS HEREBY ADJUDGED: That the plaintiff, [First State], has and holds senior and superior priority in the

3

Case 12-02338-svk    Doc 35    Filed 12/27/12    Page 3 of 13

[Property] which is the subject matter of the above-captioned action and that any interests of the defendant, [MERS], therein are junior, subordinate, and subsequent to the senior and superior priority of [First State]."  (Kuehl Decl., Exh. A).  On March 28, 2011, MERS moved to vacate the Default Judgment, but the court denied the motion by Order entered April 12, 2011.  (Kuehl Decl., Exh. C).  Bank of America[1] also moved to intervene in the action, but the court denied that motion as well.

On September 26, 2011, the Shawano County Circuit Court issued Findings of Fact, Conclusions of Law, and Judgment of Foreclosure and granted First State summary judgment against the Debtors and the other defendants.  In this judgment the Court granted First State a non-deficiency foreclosure judgment with respect to the Property.  (Kuehl Decl., Exh. B).  The Findings of Fact provide that no "objection or opposition" was filed to First State's motion for summary judgment.  (*Id.*)  First State was the high bidder at the sheriff's sale on the Property on April 11, 2012.  (Kuehl Decl., Exh. D).  The Debtors filed their Chapter 13 petition on April 12, 2012, prior to confirmation of the sheriff's sale.[2]

Since Bank of America paid off the 2003 mortgage which was in first position, the Debtors contend, under the theory of equitable subrogation, that Bank of America's mortgage should be given priority above First State's mortgage.  Subrogation is an equitable doctrine intended to avoid unjust enrichment.  The Wisconsin Supreme Court explained:  "Under what is generally termed 'conventional subrogation,' a lender will be granted subrogation where money

---

[1] This Motion was brought in the name of BAC Home Loans Servicing, LP, which will be referred to herein as Bank of America.

[2] The Debtors received a discharge in a Chapter 7 case on March 29, 2010.  They are ineligible for discharge in this Chapter 13 proceeding.  11 U.S.C. § 1328(f)(1). This Court has held that a debtor who does not qualify for a discharge in a Chapter 13 case cannot "strip off" a junior lien.  *Blosser v. KLC Fin., Inc. (In re Blosser)*, 2009 Bankr. LEXIS 1049 (Bankr. E.D. Wis. Apr. 15, 2009).  Even if jurisdictional matters were not at issue here, the Debtors may not be allowed to avoid the second mortgage because they are ineligible for discharge.

4

is advanced in reliance upon a justifiable expectation that the lender will have security equivalent to that which his advances have discharged, provided that no innocent third parties will suffer." *Rock River Lumber Corp. v. Universal Mortg. Corp.*, 82 Wis. 2d 235, 241, 262 N.W.2d 114, 117 (1978) (internal citation omitted). Assuming they prevail on their request to equitably subrogate Bank of America's position to the priority of WaMu's 2003 mortgage, the Debtors ask to strip off First State's and North Shore's junior mortgages because there is no equity for these mortgages after property taxes and the Bank of America mortgage.[3]

On September 13, 2012, the Debtors filed a Motion for Judgment on the Pleadings. On September 14, 2012, First State filed a Motion for Summary Judgment.[4] In its Motion, First State alleged that the *Rooker-Feldman* doctrine and res judicata (a/k/a claim preclusion) bar the Debtors' claims against First State.[5]

Analysis

A party may move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Bankr. P. 7012(b). A court reviews a motion for judgment on the pleadings "by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). The Court will "view the facts in the complaint in the light most favorable to the nonmoving

---

[3] According to the Debtors' Complaint, as of April 12, 2012, the principal balance of the Bank of America mortgage was $106,931.33, and an April 14, 2012 appraisal estimates the fair market value of the Property at $95,000. If Bank of America is in first place, there would be no equity to which First State's mortgage lien could attach.

[4] On November 6, 2012, this Court granted the Debtors' Motion for Default Judgment against North Shore; it cannot seriously be disputed that the North Shore mortgage is in third position and there is no equity in the Property to which this mortgage can attach.

[5] In its Answer, First State also stated as an affirmative defense that the doctrine of issue preclusion bars the Debtors' claims. The Debtors rebutted this argument in their Memorandum in Support of their Motion for Judgment on the Pleadings. First State did not further address this doctrine on summary judgment or elsewhere, so the Court will not consider it here.

5

Case 12-02338-svk    Doc 35    Filed 12/27/12    Page 5 of 13

party and will grant the motion 'only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id.* (quoting *Northern Indiana Gun and Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

With respect to First State's Motion, summary judgment is appropriate only when the evidence presented shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; *Eisencorp, Inc. v. Rocky Mountain Radar, Inc.*, 398 F.3d 962, 965 (7th Cir. 2005). All inferences are drawn in the light most favorable to the non-moving party. *Id.*

### The *Rooker-Feldman* Doctrine

First State argues that the *Rooker-Feldman* doctrine prevents this Court from altering the Shawano County Circuit Court's judgment on the priority of liens. The *Rooker-Feldman* doctrine is jurisdictional in nature; its applicability must be determined before any other affirmative defense, including claim preclusion. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554-55 (7th Cir. 1999) (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Under this doctrine, "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Id.* at 554. The doctrine applies both to claims actually raised before the state court and to claims that are "inextricably intertwined with state court determinations." *Id.*

In assessing the applicability of the *Rooker-Feldman* doctrine, the fundamental question is "'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (citing *Rizzo v. Sheahan*, 266 F.3d 705, 713 (7th Cir. 2001)). "[I]f the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman*

doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable." *Long*, 182 F.3d at 555 (quotations and citations omitted). As the court stated in *Zurich Am. Ins. Co. v. Superior Court for Cal.*, 326 F.3d 816, 821 (7th Cir. 2003) (quoting *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)):

> The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

If claims directly seek to set aside a state court judgment, they "are de facto appeals and are barred without additional inquiry." *Taylor v. Fannie Mae*, 374 F.3d 529, 532 (7th Cir. 2004). The *Rooker-Feldman* doctrine analysis is not altered by the fact that the federal claim is "cloaked in the guise of an adversary proceeding in bankruptcy court. . . ." *Knapper v. Bankers Trust Co. (In re Knapper)*, 407 F.3d 573, 581 (3d Cir. 2005) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87 (3d Cir. 1997)).

The *Rooker-Feldman* doctrine has been applied to bar collateral attacks on state court foreclosure judgments. *Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline)*, 472 B.R. 98, 105 (B.A.P. 10th Cir. 2012). Notably, this includes default judgments. *See, e.g.*, *Stewart v. JPMorgan Chase Bank, N.A. (In re Stewart)*, 473 B.R. 612, 630 (Bankr. W.D. Pa. 2012) ("The jurisdictional limitations imposed by *Rooker-Feldman* apply not only to state court judgments entered following a trial on the merits, but also to default judgments."); *Randall v. Bank One Nat'l Ass'n (In re Randall)*, 358 B.R. 145, 159 (Bankr. E.D. Pa. 2006) ("[T]he Third Circuit has held . . . that a default judgment in mortgage foreclosure, prior to any sale, was sufficient to trigger application of *Rooker-Feldman*.").

7

Here, after MERS (the alleged first lien holder, according to the Debtors) failed to answer or otherwise respond in the Shawano County case, the court entered Default Judgment against it. The Default Judgment adjudged that First State holds the "senior and superior priority in the Property" and that any interest of MERS is subordinate. Upon receiving no objection to First State's Motion for Summary Judgment, the Shawano County Court granted the Motion against the remaining defendants. The Debtors did not assert a counterclaim or cross-claim in the Shawano County case despite the opportunity to do so. The Shawano County Circuit Court rejected attempts by MERS and Bank of America to remedy their failure to participate in the action by denial of MERS's motion to vacate the Default Judgment and Bank of America's motion to intervene. The Debtors and Bank of America disagree with the state court's decisions, but this Court is not the forum to raise that disagreement. The Debtors and Bank of America could have and should have sought relief from the Shawano County Circuit Court, and if that relief was not forthcoming, they could have appealed. The Debtors now seek to have Bank of America's position declared superior to First State, when First State's position already was adjudicated as superior in state court. The *Rooker-Feldman* doctrine prevents this.

The Debtors cite *Bozich v. Mattschull (In re Chinin USA, Inc.)*, 327 B.R. 325, 336 (Bankr. N.D. Ill. 2005) for the proposition that the *Rooker-Feldman* doctrine does not apply to the bankruptcy court's avoidance, modification or discharge of state court judgments. The Debtors miss the point. The Bankruptcy Code enables the trustee to avoid a state court judgment as a preferential transfer, and permits a debtor to avoid a state court judgment lien to the extent it impairs the debtor's exemptions. *See* 11 U.S.C. §§ 547, 522. And the power to discharge debts is a well-known exception to the *Rooker-Feldman* doctrine. *See, e.g., In re Moreno*, 479 B.R. 553, 572 (Bankr. E.D. Cal. 2012) (the doctrine is not applicable when the bankruptcy court is

8

Case 12-02338-svk    Doc 35    Filed 12/27/12    Page 8 of 13

presented with matters relating to the enforcement of the discharge injunction). These bankruptcy court powers radically differ from what the Debtors seek here: reordering mortgage liens from the priority already established by a state court foreclosure judgment. The Debtors argue that they have presented issues unique from those presented in the foreclosure case – lien priority and avoidance of wholly unsecured junior mortgages. This argument also fails. Lien priority was precisely the issue before the Shawano County Court, and the Debtors' attempt to avoid unsecured junior mortgages after engineering a reversal of the state court's priority determination certainly is "inextricably intertwined" with the lien priority issue and cannot be seen as an "independent claim."

Applying the *Rooker-Feldman* doctrine, the Court finds it does not have jurisdiction over this matter. Even assuming the Court found to the contrary, however, the Court finds that the doctrine of claim preclusion bars all claims made in this proceeding.

## Claim Preclusion

The doctrine of claim preclusion provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981). When the doctrine is applied, it will bar all matters that either were litigated or that might have been litigated in a former proceeding. *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 19, 279 Wis. 2d 520, 694 N.W.2d 879. In Wisconsin, claim preclusion has three elements: "(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Id.* at ¶ 21 (quotations and citations omitted). The party asserting the applicability of claim preclusion bears the burden of proof. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 16, 252

9

Wis. 2d 1, 643 N.W.2d 72 (citing *Alexopoulos v. Dakouras*, 48 Wis. 2d 32, 37, 179 N.W.2d 836 (1970)).  An exception to the doctrine of claim preclusion is "if the plaintiff did not have a full and fair opportunity to litigate his claim in state court. . . . A plaintiff is afforded a full and fair opportunity to litigate his claims so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause."  *Licari v. City of Chi.*, 298 F.3d 664, 666-67 (7th Cir. 2002).  The fact that the state case ended in a default judgment does not change the analysis; indeed, "[c]ourts have consistently applied *res judicata* to default judgments."  *In re Walz*, 44 B.R. 973, 975 (Bankr. W.D. Wis. 1984).

In determining the preclusive effect of a state court judgment, this Court is to apply the law of the state in which the judgment was rendered.  *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984).  For purposes of analyzing claim preclusion in the context of a default judgment in Wisconsin, "[t]he conclusiveness of a default judgment . . . is limited to the material issuable facts which are well pleaded in the declaration or complaint.  The judgment does not extend to issues which were not raised in the pleadings."  *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 34, 282 Wis. 2d 582, 698 N.W.2d 738 (citations and quotations omitted); *see also Klaus v. Vander Heyden*, 106 Wis. 2d 353, 359, 316 N.W.2d 664 (1982) ("Although the general rule is that a court may grant such relief as it feels a party is entitled to, even if such relief has not been demanded, this rule sees exception with default judgments.  In the case of a default judgment, relief is limited to that which is demanded in the plaintiff's complaint."); *A.B.C.G. Enterprises v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 481, 515 N.W.2d 904 (1994) (citing *Mitchell v. Jones*, 172 Cal. App. 2d 580, 342 P.2d 503, 506-07 (1959), for this proposition: "default judgment is res judicata as to all issues aptly pleaded in the

10

complaint, and defendant is estopped to deny in a future action any allegation contained in the former complaint").

Wisconsin adheres to the standard of "notice pleading" in a complaint. *Liebovich v. Minn. Ins. Co.*, 2008 WI 75, ¶ 40, 310 Wis. 2d 751, 751 N.W.2d 764. According to the Wisconsin Statutes, a complaint must contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." Wis. Stat. § 802.02(1)(a). This statute similarly directs that "[e]ach averment of a pleading shall be simple, concise, and direct." Wis. Stat. § 802.02(5)(a). Under these notice pleadings requirements, "a complaint must simply contain [a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief. These claims are to be liberally construed [so] as to do substantial justice." *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 35, 284 Wis. 2d 307, 700 N.W.2d 180 (quotations and citations omitted).

Applying the elements of claim preclusion under Wisconsin law, there is an identity of the parties (the Debtors, First State, MERS, and North Shore Bank, and Bank of America sought to intervene) and an identity of the causes of action (priority of lien) between this adversary proceeding and the Shawano County case. The Debtors argue that the second element – that the prior litigation resulted in a "final judgment" – is not met here because the sheriff's sale was not confirmed. However, the judgment of foreclosure and sale determines the parties' legal rights in the mortgaged property. *Shuput v. Lauer*, 109 Wis. 2d 164, 325 N.W.2d 321 (1982). Any challenge to the priority of the First State mortgage should have been made in connection with the judgment of foreclosure. *Id*. Although recognizing that claim preclusion may attach in cases

involving default judgments, the Debtors rely on *Menard* to argue that the conclusiveness of a default judgment is limited to facts that are well pleaded in the complaint. The Debtors argue that the Shawano County complaint did not sufficiently plead that "anything was out of the ordinary with respect to the material issue of lien priority."

Quite to the contrary. First State's Shawano County complaint specifically stated that "[First State] is entitled to senior and superior priority in and to [the Property.]" It also noted that "[t]he defendants, [MERS, North Shore, and Riverside Finance] have, claim to have, or may have an interest in the [Property] by virtue of said defendants' respective recorded mortgages from or docketed judgments filed as judgment liens or encumbrances against [the Debtors], but said interests are junior, subordinate, and subsequent in priority to the senior and superior interest of plaintiff, [First State], therein." This "short and plain statement of the claim" is sufficient under Wisconsin's notice pleading standard to put all parties on notice that lien priority may be at issue. After service of the complaint, each defendant had the opportunity to investigate this priority issue further and participate in the case, but each defendant either defaulted or failed to respond to summary judgment. Claim preclusion applies to either matters that were litigated "or that might have been litigated in a former proceeding." *Kruckenberg*, *supra*. The parties, including the Debtors, had the full and fair opportunity to litigate whether First State or Bank of America or its assignee, MERS, was in first position. The Court finds that all aspects of the state court proceeding complied with minimum due process requirements. Even if the Court found that it had subject matter jurisdiction over this matter, the doctrine of claim preclusion bars the claims related to lien priority.

Conclusion

For the foregoing reasons, the Court grants First State's Motion for Summary Judgment and finds that it is entitled to judgment as a matter of law; the Court lacks subject matter jurisdiction under the *Rooker-Feldman* analysis, and even if it had jurisdiction, the doctrine of claim preclusion bars the Debtors' claims to reorder lien priority. The Court denies the Debtors' Motion for Judgment on the Pleadings and finds that the Debtors have not established that First State cannot prove any facts supporting its claims for relief. A separate Order consistent with this Memorandum Decision will be entered.

Dated: December 27, 2012

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge